Edgar W. DAWSON, Petitioner,

v.

C. C. PEYTON, Superintendent of the
Virginia State Penitentiary,
Respondent.

Misc. No. 4817.

United States District Court
E. D. Virginia,
Norfolk Division.

Oct. 20, 1965.

R. Larry Lambert, Preston & Preston, Norfolk, Va., for petitioner (court-appointed).

Reno S. Harp, III, Asst. Atty. Gen. of Virginia, Richmond, Va., for respondent.

DALTON, District Judge.

## STATEMENT OF FACTS

This is a habeas corpus proceeding brought by Edgar W. Dawson, an inmate of the Virginia State Penitentiary. Dawson is presently serving a five year sentence imposed upon him in the Circuit Court of Greene County, Virginia, on September 18, 1961, for breaking and entering.

Dawson made application to the Circuit Court of Greene County, Virginia, for a writ of habeas corpus. That Court held a hearing on March 21, 1963, in connection with Dawson's application for relief. On the same day, an order was entered dismissing the petition.

Thereafter, the petitioner made application to the Supreme Court of Appeals of Virginia for a writ of error. On June 11, 1964, said petition for a writ of error was denied.

Thereafter, the petitioner made application to this Court for relief. This Court called upon the Attorney General of Virginia to file an answer to the petition, and, after mature consideration thereof, directed that a plenary hearing be held.

The Court has considered all of the evidence heard today in connection with this proceeding, and the same is hereinafter summarized, together with the Court's reasons for its decision in the premises.

In the first place, I want to express the appreciation of the Court to Mr. Lambert for his splendid preparation and his representation of the rights of Mr. Edgar W. Dawson in this habeas corpus proceeding.

I want to comment also, that the presence of the father and the mother and others show that their hearts are bleeding for their loved one, Mr. Edgar Dawson, who is before this Court in this important proceeding to him, and important to all of us.

But at the same time, I feel that my duty and my conscience as Judge tells me that his plea for relief should be denied, and I will give you my reasons.

This effort is based primarily on the fact that inadequate representation was provided for Mr. Dawson at the time of the trial. I think that the record as made here does not show that, but to the contrary, shows that adequate representation was made of the rights of Mr. Dawson by the court-appointed attorney, Mr. Berry.

Mr. Berry was at that time a practitioner and still is in the Courts of Greene and Albemarle Counties, Virginia. He had been actively practicing in criminal and other branches of the law since 1952, is a lawyer of excellent representation and ability and reputation in his area, and the Court is impressed here again, not only by his deposition in the state proceeding, but by his coming here and telling just what happened over again. I am satisfied that the representation given to Mr. Dawson was as good as anyone, any attorney, could have given him.

Now the fact that Mr. Berry was appointed on the morning of the trial doesn't mean that he didn't have a grasp of the situation, because he knew from living there and experience, something of the background and something of the situation. He knew, I think, the best course to pursue on behalf of the client. He certainly didn't coerce, and he didn't aid in pushing Mr. Dawson into anything, because he asserted for him a plea of not guilty.

Had he asked for a continuance, I can't imagine how that could have aided any, how any further investigation of the facts that were brought out could have disclosed anything that would have been of benefit to Mr. Dawson.

The question of the severance sometimes works both ways. Frequently it helped to show here the theory of the defense that he was making, that they were out together and fell into the mischievousness or the acts. I can't imagine how the rights of Mr. Dawson were injured here by all the facts coming out as to all the offenses and as to all the people together. He was entitled to a severance in a felony case in the State Court, but it would seem to this Court, without any injury to any of the people, that the severance couldn't have amounted to anything that would have been beneficial to the defendant.

Now here is the way the case appears to me. Here was a case heard by a visiting Judge, who was a stranger to the situation. A famous English Judge, Lord Hale, said, "Give me the impartial judgment of an honest stranger." Here was a presiding Judge who is recognized as an upright and able Judge in Virginia. He was there presiding in the absence of the regular Judge without any prejudice, without any feeling. He heard this evidence, considered it carefully, and I am sure that he came up with what he thought in his own heart and in his own mind was the right decision in the case, not only for the benefit of the Commonwealth of Virginia, but for the defendants.

It is true that some comment is made about the Judge naming him as the ringleader, naming Mr. Dawson, but whether you be ringleader or whether you

are aiding and abetting the principal in the commission of an offense, you are into it, just as much one way as you are the other. Whether you are a follower, whether you are the leader, if you go about in the violation of the law in breaking and entering or in larceny, you can have a small part and you are just as guilty in the eyes of the law as if you were the ringleader as the Judge seems to have designated him.

Now these threats that are mentioned made by telephone, those are of an obsecure nature. I can't see how those threats could have been more forcibly presented than the way that Mr. Berry presented them. You couldn't fill the record with hearsay. You could tell of receiving the threats and that's all.

I can't imagine how the character witnesses of whom there were four witnesses that the petitioner says might have aided him, but I can't imagine how, because they would have been confronted by cross examination that would have been devastating to their representation of his character.

So we have a picture here of a capable lawyer, of good repute, being appointed by the Court, acting as an officer of the Court, in giving the best representation of which he is capable to a defendant.

We have the picture of an upright and outstanding Judge hearing the case, arriving at the verdict that he thinks was appropriate and the passing of the sentence in accordance with what he felt was right for the protection of society and also fair to the defendant.

We have more than that. We have here a proceeding in which the defendant sought in the State Court in 1964, in the Court of his own county, the Honorable Lyttelton Waddell, in which he sought by habeas corpus proceeding to gain the relief that he is now requesting, and there the State Judge, after fully considering the matter, as set forth in the record in this case, and a transcript of which has been considered, the Court declined to grant the relief prayed for. But that wasn't all. Mr. Dawson took his claim then to the Supreme Court of the Commonwealth of Virginia, and there on June 11, 1964, after the Supreme Court of the Commonwealth of Virginia considered the matter, they say by order entered on that date, that the Court, and I quote:

"* * * having maturely considered the said petition, and a transcript of the record of the judgment aforesaid having been seen and inspected, is of the opinion that the said judgment is plainly right, doth reject said petition and refuse said writ of error, the effect of which is to affirm the judgment of the said circuit court."

So there we have a person who has gone the rounds of all the State Courts available, who has exhausted his remedies before the State and in the State Courts, and then comes to the United States District Court for relief.

Now this is not an unusual problem. It is what is happening all over America today, in that hundreds, yea, thousands of people who have been convicted under the state laws, and after having their cases heard all the way through, first on the question of the guilt and then another round under habeas corpus or similar petitions for relief, they come to the federal jurisdiction. Now I wonder where we are headed in the administration of justice in America. To me it is unfortunate that under our present system, that the laws of a sovereign commonwealth, with the right of appeal and then the test of the conviction by habeas corpus proceeding, until all the state remedies have been exhausted, that the same defendant can come and start all over again in the United States District Courts. Now my feeling is that while we should give consideration to a case in which it is plainly shown that substantial rights of a defendant have been violated, yet, I do not feel that it is the province of the federal courts of America to undertake the trial and the retrial of all the cases, of all the people that have been convicted. If that

be the case, then we are going to have two courts in competition with each other. Violations of the state laws should certainly be handled by the state courts, and violations of the federal law should be handled by the federal courts, and only in rare instances, when it is obvious that the rights of a defendant have been substantially violated or neglected in a state court, should we ever consider those cases.

I am not giving that as a basis of my opinion here in this case, because I have considered all the facts and circumstances as if we are bound by that approach of permitting a defendant to run the gamut of state courts and then come into federal court. I am not basing my denial of relief on that, but at the same time I criticize that situation that exists in our country.

But, as much as I sympathize with this Mr. Dawson, who is in the state penitentiary and will not be eligible for parole consideration until December 13, 1967, I think that his only approach is either to seek executive clemency or to consider further his approach on the question of parole. I certainly would have nothing to say against that, but I do say that I think that he was fairly and adequately represented at the trial, that his rights have not been taken away from him under our system of jurisprudence, that I feel that his case was initially considered fairly and competently by an able Judge, that his own Judge in June, 1964 reviewed again his contentions and decided against him, and the Supreme Court of the State having decided against him, that I could certainly not see my way clear to set aside and to disturb those what I consider to be valid orders.

At the same time, I appreciate Mr. Lambert taking on this work. It requires a lot of effort on his part. He did it as an officer of the Court at the insistence of Judge Hoffman and his efforts are appreciated.

I know that this is heartbreaking to the family to hear this, but I would rather give it to you here face to face than to go back to my own City of Roanoke and write an opinion and send it to you by mail telling you that your petition for relief was denied.

It is done with no malice, but with great sympathy. But at the same time, it is our duty to enforce and uphold the law and to protect at the same time the right of the individual, and that is what I think this decision has done.